# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHAD LACY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. |
| | ) |
| ALL HOLDINGS, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Chad Lacy, hereby sets forth his action against All Holdings, Inc. for disability discrimination and retaliation in violation of the Missouri Human Rights Act and Americans with Disabilities Act. Plaintiff further alleges violation of the Family and Medical Leave Act (FMLA) in that he was entitled to FMLA leave and his rights to that leave were interfered with or otherwise illegally denied by Defendant, and that he was retaliated against for requesting and having used leave protected under the FMLA in the past. Finally, Plaintiff Lacy hereby alleges he is owed commissions that should have been paid upon his termination but was not and that he was retaliated against for seeking payment of overdue commissions in violation of Missouri Public Policy.

### I. JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction over this action under

1

diversity jurisdiction, 28 U.S. Code § 1332 and other federal law.

2. Pendant jurisdiction of the federal court over Plaintiff's claims under state law is proper as those claims arise out of the same nucleus of operative facts that comprise Plaintiff's claims under federal law.

3. This Court has personal jurisdiction over Defendant because Defendant can be found in, resides in, and/or transacts business in this judicial district.

## THE PARTIES

4. Plaintiff is a citizen of the United States of America and resident of Kansas.

5. Defendant is an Illinois corporation that operates in Kansas and Missouri.

## FACTUAL STATEMENT

6. Plaintiff Chad Lacy was an employee of All Holdings, Inc. and/or its predecessor since 2001 and worked primarily in Missouri as a salesman and reported to work in Missouri.

7. In late 2016, Mr. Lacy was diagnosed with the disability of anxiety and depression and required a leave from work under the FMLA.

8. After Mr. Lacy returned to work in November 2016, he continued to perform at a high level in terms of his sales production, but was under increased scrutiny

as to the performance of his work duties compared to his colleagues and compared to the way things had been before he went on leave.

9. The scrutiny included negative and harassing comments by upper management that were dismissive of his disability.

10. In late 2018, Mr. Lacy met with management and a specific plan of reasonable accommodation was discussed due to the impact of Mr. Lacy's disabilities upon his ability to perform his job duties.

11. At the conclusion of that meeting, an accommodation appeared to be in the process of being implemented, including a plan to hire additional support staff – which included hiring someone Mr. Lacy had worked with in the past.

12. In December 2018, Mr. Lacy began suffering symptoms caused by the disability of a pilonidal cyst and he reported the condition to management because it was interfering with his ability to drive to sales calls.

13. In approximately April 2019, Mr. Lacy followed up with Al Ross, his supervisor, about the December 2018 plan to hire additional staff as an accommodation, because no one had yet been hired.

14. On information and belief, Mr. Ross remains an employee of Defendant and has first-hand information about the allegations of Mr. Lacy's complaint and/or is otherwise available to Defendant to assist in responding to the allegations herein.

15. During the same call, Mr. Lacy advised Mr. Ross that he needed surgery in May 2019 to address his pilonidal cyst.

16. In response to Mr. Lacy's April 2019 follow-up, Mr. Ross replied with words to the effect that they weren't going to talk about the accommodation of hiring additional staff, that it was off the table, and that Mr. Lacy had to put his head down and do his job.

17. On May 10, 2019, the issues regarding Mr. Lacy's disabilities and requested accommodations, including his request for leave came to a head in a meeting.

18. At that time, Mr. Ross, Bill Lawson, and Mr. Lacy met and, during that meeting, Mr. Ross specifically discussed Mr. Lacy's past health concerns.

19. During the May 10 meeting, Mr. Ross brought up Mr. Lacy's past "medical issues" and Mr. Lacy's past need for an extended medical leave which was due to a disability of anxiety and depression.

20. During the May 10 meeting, Mr. Ross discussed matters related to Mr. Lacy's upcoming medical leave for surgery on his pilonidal cyst.

21. In the same meeting, Mr. Ross discussed disciplinary action against Mr. Lacy, but not action that would include termination.

22. Mr. Lacy objected to being singled out based on his disability during the meeting.

4

23. Mr. Lacy followed-up with an email to management reiterating his concerns about the way he was treated in the May 10 meeting, objecting to Mr. Ross's verbal reference to Mr. Lacy's "medical issues".

24. Mr. Lacy's email also brought up his concern that Defendant had not paid him for contractually owed commissions.

25. The following Tuesday, May 14, 2019, Mr. Lacy was fired.

26. Under the terms of Mr. Lacy's commissions agreement with Defendant, he was entitled to reimbursement of sales commissions that yielded earnings for sales he consummated for the benefit of Defendant.

27. Mr. Lacy performed in accordance with the expectations to earning such commissions.

28. Defendant terminated Mr. Lacy and has not ever compensated him for commissions that he was entitled to receive or otherwise withheld the commissions based on reasons that it should have disclosed.

## COUNT I
## DISABILITY DISCRIMINATION AND RETALIATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

29. Plaintiff hereby incorporates the foregoing paragraphs by reference.

30. Plaintiff was an individual suffering from a disability and/or a perceived disability and/or had a record of being disabled as it relates to anxiety and depression as well as the disability of a pilonidal cyst.

31. Plaintiff both received a past reasonable accommodation, and requested new and future accommodations on account of his disabilities, but was denied those accommodations and otherwise subject to heightened scrutiny and mistreatment on account of suffering from a disability.

32. Defendant failed and refused to engage in a good faith interactive process with Plaintiff with respect to his February 2019 request for accommodations.

33. Plaintiff complained about his medical issues being made part of purported allegations of poor job performance requiring a reprimand.

34. Plaintiff was fired due to his disabilities, his requests for reasonable accommodation and/or because of his complaint about illegal discrimination.

35. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, which was dually filed with the Missouri Commission on Human Rights within the appropriate time period and filed this Complaint within 90 days after the date of receipt of a right to sue letter.

36. As such, this action is timely and Plaintiff has exhausted all administrative prerequisites to filing this action.

37. As a direct result of the unlawful conduct of Defendant, as set forth herein, Plaintiff has suffered damages which include mental anguish, emotional distress, pain and suffering, a detrimental job record, mental distress in the form of

embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses, all of a continuing nature.

38. In wrongfully discharging Plaintiff, Defendant acted with malice and in reckless disregard of Plaintiff's rights, and engaged in willful, wanton, and fraudulent conduct by fabricating reasons for Plaintiff's discharge, and evidence in support thereof.

WHEREFORE Plaintiff prays for judgment against Defendant and an award for his economic damages, emotional distress, pre and post-judgment interest, attorneys' fees, punitive damages and any other relief the Court deems just and equitable.

## COUNT II
## DISABILITY DISCRIMINATION AND RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

39. Plaintiff hereby incorporates the foregoing paragraphs by reference.

40. Plaintiff was an individual suffering from a disability and/or a perceived disability and/or had a record of being disabled as it relates to anxiety and depression as well as the disability of a pilonidal cyst.

41. Plaintiff both received a past reasonable accommodation, and requested new and future accommodations on account of his disabilities, but was denied those accommodations and otherwise subject to heightened scrutiny and mistreatment on account of suffering from a disability.

42. Defendant failed to engage in the good faith interactive process with regard to Plaintiff's requested accommodations and thus it thereby denied Plaintiff's request for such accommodations.

43. Plaintiff complained about his medical issues being made part of purported allegations of poor job performance requiring a reprimand.

44. Plaintiff was fired because of his disabilities, his requests for reasonable accommodation and/or because of his complaint about illegal discrimination.

45. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, which was dually filed with the Missouri Commission on Human Rights within the appropriate time period and filed this Complaint within 90 days after the date of receipt of a right to sue letter.

46. As such, this action is timely and Plaintiff has exhausted all administrative prerequisites to filing this action.

47. As a direct result of the unlawful conduct of Defendant, as set forth herein, Plaintiff has suffered damages which include mental anguish, emotional distress, pain and suffering, a detrimental job record, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses, all of a continuing nature.

48. In wrongfully discharging Plaintiff, Defendant acted with malice and in reckless disregard of Plaintiff's rights, and engaged in willful, wanton, and fraudulent

conduct by fabricating reasons for Plaintiff's discharge, and evidence in support thereof.

WHEREFORE Plaintiff prays for judgment against Defendant and an award for his economic damages, emotional distress, pre and post-judgment interest, attorneys' fees, punitive damages and any other relief the Court deems just and equitable.

## COUNT III
## STATE LAW WRONGFUL DISCHARGE IN VIOLATION OF MISSOURI PUBLIC POLICY

49. Plaintiff hereby incorporates by reference the above stated paragraphs as though fully set forth herein.

50. By seeking compensation pursuant to Missouri law for unpaid and overdue commissions and/or seeking to take leave under the FMLA Plaintiff engaged in state law protected activity.

51. Defendant retaliated against Plaintiff for engaging in state law protected activity by firing him within days of protected activity.

52. As a direct result of the unlawful conduct of Defendant, as set forth herein, Plaintiff has suffered damages which include mental anguish, emotional distress, pain and suffering, a detrimental job record, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses, all of a continuing nature.

53. In wrongfully discharging Plaintiff, Defendant acted with malice and in

reckless disregard of Plaintiff's rights, and engaged in willful, wanton, and fraudulent conduct by fabricating reasons for Plaintiff's discharge, and evidence in support thereof.

54. Plaintiff is entitled to compensatory damages, including lost wages and benefits, emotional distress damages, punitive damages, and prejudgment and post judgment interest, and punitive damages for Plaintiff's discharge in violation of Missouri law.

WHEREFORE, Plaintiff seeks judgment against Defendant for compensatory damages in excess of $75,000 for Defendant's wrongful discharge, for reinstatement, for punitive damages, liquidated damages, lost future wages and benefits, costs, and for such other and further relief as the Court deems just and equitable.

## COUNT IV
## STATE LAW WRONGFUL DISCHARGE IN VIOLATION OF MISSOURI'S WHISTLEBLOWER PROTECTION LAW

55. Plaintiff hereby incorporates by reference the above stated paragraphs as though fully set forth herein.

56. By seeking compensation pursuant to Missouri law for unpaid and overdue commissions and/or seeking to take leave under the FMLA Plaintiff engaged in state law protected activity.

57. Defendant retaliated against Plaintiff for engaging in state law protected activity by firing him within days of protected activity.

58. As a direct result of the unlawful conduct of Defendant, as set forth herein, Plaintiff has suffered damages which include mental anguish, emotional distress, pain and suffering, a detrimental job record, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses, all of a continuing nature.

59. In wrongfully discharging Plaintiff, Defendant acted with malice and in reckless disregard of Plaintiff's rights, and engaged in willful, wanton, and fraudulent conduct by fabricating reasons for Plaintiff's discharge, and evidence in support thereof.

60. Plaintiff is entitled to compensatory damages, including lost wages and benefits, prejudgment and post judgment interest and liquidated damages for Plaintiff's discharge in violation of Missouri law.

WHEREFORE, Plaintiff seeks judgment against Defendant for compensatory damages in excess of $75,000 for Defendant's wrongful discharge, for reinstatement, for liquidated damages, lost future wages and benefits, costs, and for such other and further relief as the Court deems just and equitable.

## COUNT V
## VIOLATION OF THE FMLA – INTERFERENCE AND RETALIATION

61. Plaintiff hereby incorporates the foregoing paragraphs by reference.

62. Defendant's operation in the greater Kansas City metropolitan area was covered under the FMLA.

63. Employees at Defendant's operation in the greater Kansas City metropolitan area were eligible to take FMLA leave provided they met the statutory requirements for minimum term of employment and hours of employment, and needed to care for their own serious health condition.

64. Plaintiff suffered from serious health conditions that permitted, under his physician's direction and guidance, time off from work.

65. Defendant, though on notice of Plaintiff's need for leave protected under the FMLA, interfered with Plaintiff's rights by firing him shortly before he could take his FMLA leave for treatment of his pilonidal cyst with such termination happening days after discussing his leave in a disciplinary meeting with management.

66. Defendant retaliated against Plaintiff for his past use of FMLA and his request for future FMLA leave.

67. Defendant further interfered with Plaintiff's FMLA rights by terminating his employment in advance of FMLA leave he was about to take using pretextual reasons in support.

68. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained and will continue in the future to sustain damages in the form of lost income.

69. Defendant knew that Plaintiff was entitled to FMLA leave, but acted willfully in both inhibiting him from receiving full benefits of his FMLA rights and otherwise retaliating against him for exercising his FMLA rights to ask for and take medical leave for serious health conditions.

70. Plaintiff is entitled to economic damages, liquidated damages, pre and post-judgment interest, attorneys' fees and any other relief the Court deems just and equitable.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual, liquidated, and compensatory damages, all costs, expenses and attorneys' fees incurred herein, for appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT VI – CLAIMS FOR UNPAID COMMISSIONS IN VIOLATION OF RSMO § 407.912

71. Plaintiff hereby incorporates by reference the above stated paragraphs as though fully set forth herein.

72. At all times material herein, Plaintiff entered into an employment agreement whereby he was to be paid commissions for sales he completed for the benefit of Defendant.

73. The agreement was made between parties capable of contracting and contained mutual obligations and valid consideration.

74. Plaintiff performed all conditions precedent, if any, required of him under the employment agreement.

75. Defendant failed and refused to perform its obligations in accordance with the terms and conditions, including implied terms and conditions, of the agreement by failing to pay Plaintiff for all commissions he earned as an employee of Defendant.

76. Plaintiff has thereby been damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff requests judgment against Defendant on this count of this Complaint, for an award of compensatory damages, pre-judgment and post-judgment interest as provided by law, attorney fees, and for such further relief as the Court deems equitable and just.

## COUNT VII – BREACH OF CONTRACT

77. Plaintiff hereby incorporates by reference the above stated paragraphs as though fully set forth herein.

78. At all times material herein, Plaintiff entered into an employment agreement whereby he was to be paid commissions for sales he completed for the benefit of Defendant.

79. The agreement was made between parties capable of contracting and contained mutual obligations and valid consideration.

80. Plaintiff performed all conditions precedent, if any, required of him under the employment agreement.

81. Defendant failed and refused to perform its obligations in accordance with the terms and conditions, including implied terms and conditions, of the agreement by failing to pay Plaintiff for all commissions he earned as an employee of Defendant.

82. Plaintiff has thereby been damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff requests judgment against Defendant on this count of this Complaint, for an award of compensatory damages, pre-judgment and post-judgment interest as provided by law, attorney fees, and for such further relief as the Court deems equitable and just.

## DEMAND FOR JURY AND PLACE OF TRIAL

Plaintiff hereby demands a jury trial to be held in Kansas City, Missouri.

Respectfully Submitted,

By: /s/ Kevin C. Koc .
Patrick G. Reavey MO#47365
Kevin C. Koc MO#56955
REAVEY LAW LLC
Livestock Exchange Building
1600 Genessee, Suite 303
Kansas City, MO 64102
Ph: 816.474.6300
Fax: 816.474.6302
Email: preavey@reaveylaw.com
Email: kkoc@reaveylaw.com
Website: www.reaveylaw.com
ATTORNEY FOR PLAINTIFF